UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILDA MALEK,<br><br>                Plaintiff,<br><br>            v.<br><br>FLAGSTAR BANK,<br><br>                Defendant. | Civil Action No. 13-01597 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The plaintiff, Gilda Malek, filed this action against the defendant Flagstar Bank, a federally chartered savings bank, to challenge the recording of a deed of trust that was executed by the plaintiff's husband in exchange for a $500,000 loan secured by the couple's house. *See generally* Compl., ECF No. 1. The defendant has moved, under Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for failure to state a claim. *See* Def.'s Mot. to Dismiss (Def.'s Mot.), ECF No. 6. For the reasons explained below, the defendant's motion is denied in part and granted in part.

**I.    BACKGROUND**

On March 15, 2000, the plaintiff and her husband, Farshied Malek ("Mr. Malek"), acquired fee simple title by deed as tenants by the entireties to their house, which is located at 4836 Van Ness Street, N.W., Washington, D.C. Compl. ¶¶ 6-7, ECF No. 1-1; Def.'s Mot., Ex. A (Residential Property Deed, dated March 15, 2000) at 1, ECF No. 6-2. Five years later, on November 15, 2005, Mr. Malek obtained from the defendant a $500,000 Home Equity Line of Credit ("Home Equity Loan"), with an initial advance of $200,000 and a ten year repayment period. Compl. ¶ 8; Def.'s Mot., Ex. B (Home Equity Line of Credit Agreement), ECF No. 6-3.

To secure this loan, Mr. Malek executed a "Credit Line Deed of Trust" ("Deed of Trust") for the benefit of the defendant that encumbered the couple's house. Compl. ¶ 8; Def.'s Mot., Ex. C (Credit Line Deed of Trust), ECF No. 6-4. The parties do not dispute that the plaintiff did not execute the Home Equity Loan, the Deed of Trust, or any other document in connection with the loan made by the defendant to the plaintiff's spouse. Compl. ¶ 10; *see generally* Def.'s Mot., Ex. C.

On November 28, 2005, the defendant recorded the Deed of Trust with the Office of the Recorder of Deeds of the District of Columbia. Compl. ¶¶ 9–10. Almost eight years later and about two years before repayment of of the Home Equity Loan was due in full, the plaintiff filed suit, on July 18, 2013, against the defendant asserting three claims: (1) that the Deed of Trust should be declared invalid ("Count I"), *id.* ¶¶ 11-12; (2) fraud ("Count II"), *id.* ¶¶ 13-17; and (3) negligence ("Count III), *id.* ¶¶ 18-20. The case was originally filed in the Superior Court of the District of Columbia and subsequently removed to this Court based on diversity jurisdiction.[1] *See* Notice of Removal, ECF No. 1. Shortly thereafter, the defendant filed the pending motion to dismiss the Complaint with prejudice.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to encourage brevity and, at the same time, "give the defendant fair notice of what the . . . claim is and the grounds

---

[1] The Court has diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332, since the plaintiff "resides at 4836 Van Ness Street, Washington, D.C. 20016" and is a citizen of the District of Columbia; the defendant is a "federally chartered savings bank with its principal place of business in Troy, Michigan;" and the amount in controversy exceeds the $75,000 threshold based upon the plaintiff's demand for judgment "in the amount of $1,000,000, plus attorneys' fees, interest and costs," and the Credit Line Deed of Trust at issue amounts to $500,000. *See* Notice of Removal ¶¶ 5, 6, 8; *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 132-133 (D.D.C. 2013) ("the amount in controversy is equal to the amount of the loan"); *Duma v. JPMorgan Chase*, 828 F. Supp. 2d 83, 86 (D.D.C. 2011) *aff'd sub nom. Duma v. JPMorgan Chase & Co.*, 11-7147, 2012 WL 1450548 (D.C. Cir. Apr. 20, 2012) (amount in controversy assessed by the amount of the deed of trust).

upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipses in original; internal quotations and citations omitted); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). The Supreme Court has cautioned that although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Iqbal*, 556 U.S. at 678). A claim is facially plausible when the plaintiff pleads factual content that is more than "merely consistent with a defendant's liability," but allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action" to provide "grounds" of "entitle[ment] to relief," *Twombly*, 550 U.S. at 555 (alteration in original), and "nudge[ ] [the] claims across the line from conceivable to plausible," *id*. at 570. Thus, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact. *Twombly*, 550 U.S. at 555-56; *Sissel v. United States Dep't of Health and Human Servs.*, No. 13-5202, 2014 U.S. App. LEXIS 14397, at *7

(D.C. Cir. June 29, 2014) (in considering a Rule 12(b)(6) motion, the "court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor, but is not required to accept the plaintiff's legal conclusions as correct") (internal quotations and citations omitted). In addition, courts may "ordinarily examine" other sources "when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322 (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)).

### III. DISCUSSION

The plaintiff filed this action for a declaratory judgment that the Deed of Trust executed by the defendant is invalid. Compl. ¶¶ 11-12. In addition, the plaintiff alleges that she is owed damages in excess of $1,000,000 because of the defendant's fraudulent, *id.* ¶¶ 13-17, and negligent, *id.* ¶¶ 18-20, conduct in allegedly wrongfully recording the Deed of Trust. The defendant counters that all three claims "must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim" because the plaintiff's "claims are devoid of any supporting factual allegations and do not state any legally cognizable claim against [the defendant]." Def.'s Mem. Supp. Mot. to Dismiss ("Def.'s Mem.") at 1. The Court evaluates the sufficiency of the factual allegations underlying each of the plaintiff's claims *seriatim* below.

#### A. Count I For Declaratory Judgment

In Count I, the plaintiff seeks a declaratory judgment, pursuant to D.C. Superior Court Rule of Civil Procedure ("D.C. SCR-Civil Rule") 57, "that the Deed of Trust is invalid because the House encumbered by the Deed of Trust is owned by [the plaintiff] as a tenant by the

entirety, and [the plaintiff] did not execute the Deed of Trust."[2] Compl. ¶¶ 11-12. The defendant seeks to dismiss this claim because a declaratory judgment is a type of relief and cannot form the basis for a separate cause of action. *See* Def.'s Mem. at 4.

D.C. SCR-Civil Rule 57, pertaining to declaratory judgments, is substantially identical to Federal Rule of Civil Procedure 57 and provides, in pertinent part, that "[t]he procedure for obtaining a declaratory judgment pursuant to Title 28 U.S.C. § 2201 or otherwise shall be in accordance with these Rules." The use of the phrase "or otherwise" in this local procedural rule is intended to include "authority for issuance of declaratory judgments founded on Congressional grant to the Superior Court of general equity powers," but "like any other remedy," a declaratory judgment "may only be granted in cases properly within the court's jurisdiction." D.C. Sup. Ct. R. 57 cmt. The Declaratory Judgment Act, 28 U.S.C. § 2201, in turn, authorizes federal courts to grant declaratory relief as a remedy and is not, standing alone, a cause of action.[3] As the defendant correctly notes, "a count for a declaratory judgment 'is not cognizable as a separate cause of action, but is more properly included in the [ ] prayer for relief.'" Def.'s Mem. at 4 (quoting *Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 935 F. Supp. 2d 101, 120 (D.D.C. 2013) (citing *Walpin v. Corp. for Nat. & Cmty. Serv.*, 718 F. Supp. 2d 18, 24 (D.D.C. 2010)); Def.'s Reply Supp. Mot. Dismiss ("Def.'s Reply") at 1 (same); *see also C&E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) ("the Declaratory Judgment Act 'is not an independent source of federal jurisdiction'" but only "presupposes the existence of a judicially remediable right." (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)).

---

[2] The Complaint cites to Superior Rule of Civil Procedure 55 rather than 57. Compl. ¶ 12. The plaintiff has clarified her intent to refer to Rule 57. Def.'s Mem. at 4; Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3 ("[c]learly [p]laintiff intended to invoke Rule 57 and the relevant citation is a typographical error").

[3] The Declaratory Judgment Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The plaintiff concedes that her "request for declaratory relief may be stylistically deficient, [but] it is sufficient to put the Defendant on notice of the relief sought and the basis for the relief." Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 4. The relief requested in Count I is "that the Court enter an order declaring that the Deed of Trust is invalid because the House encumbered by the Deed of Trust is owned by [the plaintiff] as a tenant by the entirety, and Plaintiff did not execute the Deed of Trust." Compl. ¶ 12. The plaintiff explains that Count I is requesting "the Court to declare the lien on the property, arising from the defendant's loan, vacated." Pl.'s Opp'n at 3. In other words, the plaintiff seeks to remove a cloud upon the title to her house to which she and her husband hold fee simple title, Compl. ¶ 6, which title has been encumbered since 2005 by the defendant's execution and recording of the Deed of Trust, *id.* ¶¶ 8-9. Thus, in essence, Count I seeks a declaratory judgment to quiet title, and the Court construes this claim as invoking the Court's equitable jurisdiction to resolve the parties' interests in the plaintiff's house. "The Supreme Court has held that the power to quiet title is inherent in every court of equity." *In re Tyree*, 493 A.2d 314, 317 (D.C. 1985); *see also Diaby v. Bierman*, 795 F. Supp. 2d 108, 111 (D.D.C. 2011) ("Courts may hear a common law action to quiet title to prove title, secure title, 'or to remove obstacles which hinder its enjoyment.'") (quoting *Sharon v. Tucker*, 144 U.S. 533, 544 (1892)); *Black's Law Dictionary* 34 (9th ed. 2009) (defining an "action to quiet title" as a "proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it").

Under District of Columbia law, "an action to quiet title may not be dismissed for failure to state a claim when the complaint alleges," as the plaintiff has in this case, that she is an "owner[] of the land in fee simple," and another party has asserted an interest in the property. *In re Tyree*, 493 A.2d at 317 (citing *Goodman v. Wren*, 34 App. D.C. 516, 519-20 (D.C. Cir. 1910);

*District of Columbia v. Hufty*, 13 App. D.C. 175, 177 (D.C. Cir. 1898) ("It has been held that an allegation that one is seized in fee simple is a sufficient allegation of possession to maintain a bill to remove cloud.") (citations omitted).

The plaintiff further alleges that she and her husband "own the House as tenants by the entireties." Compl. ¶ 7. "Many jurisdictions have abolished the tenancy by the entireties" but "the District of Columbia still recognizes [this form of ownership] 'with most of its common law features still intact.'" *Morrison v. Potter*, 764 A.2d 234, 236 (D.C. 2000) (citing *In re Wall's Estate*, 440 F.2d 215, 218 (1971)). When spouses are tenants by the entireties, "each spouse is entitled to the enjoyment and benefits of the whole property held by the entireties." *Id.* Property held by tenants by the entireties is subject to the spouses' joint debts as well as individual debts of the surviving co-tenant but "it is unreachable by creditors of one but not of both of the tenants." *Morrison*, 764 A.2d at 237; *see In re Wall's Estate*, 440 F.2d at 220 (finding that "absent a different treatment by the [appellees], they held the sale proceeds as tenants by the entireties in prolongation of their preexisting co-tenancy in the realty, and held it free from the claims of separate creditors of either"); Cunningham, The Law of Property § 5.5, at 206 n. 19 ("one spouse alone cannot convey, encumber, or subject to the satisfaction of creditors' claims either that spouse's possessory estate for the joint lives of the co-tenants or that spouse's contingent right of survivorship"). A mortgage entered into by one spouse that purports to be secured by property owned by the couple, as tenants by the entirety, is void because it was not executed by both spouses and creates a cloud upon the title to the property. *See* 78 A.L.R. 24 (Originally published in 1932) (collecting cases).

The plaintiff alleges that she is a tenant by the entirety but executed no documents in connection with the loan taken from the defendant by her husband. *See* Compl. ¶¶ 10, 12. This

allegation is bolstered by documents submitted by the defendant to support its motion to dismiss. Specifically, the deed to the house states clearly that the plaintiff and her husband hold the house in fee simple as tenants by the entireties, *see* Def.'s Mot, Ex. A, but the Home Equity Loan and Deed of Trust are signed only by the plaintiff's spouse, *see* Def.'s Mot., Ex. B-C.[4] These factual allegations, corroborated by the documents at issue, sufficiently set out a valid claim to quiet title action since the Deed of Trust, on its face and without resorting to extrinsic evidence, appears to give the defendant a property interest in the plaintiff's house. *See Graves v. Ashburn*, 215 U.S. 331, 335 (1909) ("It is enough [to sustain a quiet title action] that the invalidity [of the challenged instrument] does not appear upon its face, but rests partly on a matter in pais."); *Wilson v. Moseley*, 488 S.E.2d 862, 864 (S.C. 1997) ("[a] cloud on title is a claim which on its face appears valid, but resort to extrinsic evidence will show its invalidity") (internal quotation marks omitted); *see also* 65 Am. Jur. 2d Quieting Title § 16 ("Generally, a cloud on title is created by an invalid or inoperative instrument . . . if the invalidity is not apparent on its face, and will not be revealed in the evidence required to support it, but must be proved by extrinsic evidence."). Thus, the defendant's motion to dismiss Count I for failure to state a claim is denied.

### B. Count II For Fraud

The defendant has also moved to dismiss the plaintiff's fraud claim, in Count II, for failure to "allege with sufficient specificity the essential elements of fraud." Def.'s Mem. at 5.

---

[4] The Court may consider these documents attached to the defendant's motion papers without converting the motion to dismiss into a motion for summary judgment since the plaintiff references the same documents in the Complaint. *See* Compl. ¶¶ 6, 9, 19; *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997) (any documents incorporated by reference in the complaint may be considered under Rule 12(b)(6)); *Cause of Action v. Nat'l Archives & Records Admin.*, 926 F. Supp. 2d 182, 184-185 (D.D.C. 2013) ("Documents that are referenced in, or are an integral part of, the complaint are deemed not 'outside the pleadings' for purposes of a motion to dismiss for failure to state a claim.") (internal quotations and citations omitted); *Vanover. V. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("When reviewing a motion under Fed. R. Civ. P. 12(b)(6) . . . [w]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.").

To withstand a motion to dismiss for failure to state a fraud claim, the plaintiff must meet the pleading standard set out in Federal Rule of Civil Procedure 9(b), which provides that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). As this rule makes clear, fraud "'is never presumed and must be particularly pleaded.'" *Lee v. Bos*, 874 F. Supp. 2d 3, 5 (D.D.C. 2012) (quoting *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977), *cert. denied*, 434 U.S. 1034 (1978)). This heightened pleading standard is designed to "discourage[] the initiation of suits brought solely for their nuisance value, and safeguard[] potential defendants from frivolous accusations of moral turpitude," as well as "guarantee all defendants sufficient information to allow for preparation of a response." *United States ex rel. Williams v. Martin–Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004).

The plaintiff must plead with sufficient particularity the following elements for a viable fraud claim: "'(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action . . . taken in reliance upon the representation.'" *Lee*, 874 F. Supp. 2d at 5-6 (quoting *Bennett*, 377 A.2d at 59); *McCarthy v. Cahill*, 249 F. Supp. 194, 196 (D.D.C. 1966). Thus, a plaintiff "must allege with particularity matters such as the time, location and content of the alleged misrepresentations . . . [and] misrepresented facts." *Lee*, 874 F. Supp. 2d at 6; *see also Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 139 (D.D.C. 2013) (holding that the complaint did not satisfy the pleading standard of Rule 9(b) because it failed to please the "who, what, when, where, and how" circumstances surrounding the alleged fraud). Finally, "[t]o prevail, the plaintiff must also have suffered some injury as a consequence of his reliance on the misrepresentation." *Chedick v. Nash*, 151 F.3d 1077, 1081 (D.C. Cir. 1998) (citing *Dresser v. Sunderland Apartments Tenants Ass'n, Inc.*, 465 A.2d 835, 839 (D.C. 1983)).

In support of her fraud claim, the plaintiff alleges that: (1) "[the defendant] knew upon recording the Deed of Trust that [the plaintiff] did not execute the Deed of Trust or any other document in connection with the [Home Equity] Loan," *id.* ¶ 14; (2) "[the defendant's] act(s) in recording the Deed of Trust were willful and malicious," *id.* ¶ 15; (3) "[r]ecording the Deed of Trust as if [the plaintiff] had executed the necessary documents constitutes a fraud upon [the plaintiff]," *id.* ¶ 16; and (4) "[a]s a direct and proximate result of [the defendant's] fraudulent act(s), [the plaintiff] has suffered consequential damages, economic, and non-economic loss, all to her detriment in the amount of $1,000,000.00," *id.* ¶ 17. The defendant contends that these statements are conclusory and thus, "are not entitled to an assumption of truth." Def.'s Mem. at 6. Indeed, the defendant is correct that the plaintiff "does not identify one single statement made [] to her by [the defendant], much less any false representation . . . [n]or does [the plaintiff] allege that [the defendant] intended to deceive her . . . " Def.'s Mem. at 6; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."); *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) (stating that when reviewing a dismissal for failure to state a claim, the court will not accept "legal conclusions cast in the form of factual allegations") (citations omitted).

To the extent the plaintiff's fraud claim boils down to the contention that the defendant's execution and recordation of the Deed of Trust amounts to a false representation to the plaintiff, the plaintiff has nonetheless wholly failed to allege the critical element for a common law fraud claim of her reasonable reliance to her detriment on the defendant's conduct. *See* Def.'s Mem. at 6 (noting that plaintiff failed to plead "that she reasonably relied on any such misrepresentation"); *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 22

(D.C. Cir. 2008) (finding that "we need not discuss the adequacy of [the plaintiff's] allegations of fraud because [the plaintiff] utterly fails to allege . . . the element of reliance" and "[a] plaintiff may recover for a defendant's fraudulent statement only if the plaintiff took some action in reliance on that statement"); *Virginia Acad. of Clinical Psychologists v. Grp. Hospitalization & Med. Servs., Inc.*, 878 A.2d 1226, 1237 (D.C. 2005) ("A further requirement for fraud is that action be taken in reliance upon the misrepresentation."). Accordingly, the plaintiff's fraud claim is dismissed, without prejudice, for failure to state a claim.[5]

## C. Count III For Negligence

Finally, the defendant argues that the plaintiff has failed to state a claim for negligence because she has not alleged "that [the defendant] owed her any legal duty of care—let alone how [the defendant] breached any such duty or proximately caused her damages." Def.'s Mem. at 7. The plaintiff, on the other hand, contends that "[t]he very lack of a relationship is the basis for Plaintiff's negligence claim." Pl.'s Opp'n at 5.

To establish a negligence claim, "under D.C. law, 'a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach.'" *Sigmund v. Starwood Urban Retail VI, LLC*, 617 F.3d 512, 514 (D.C. Cir. 2010) (quoting District of *Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 642 n. 3 (D.C. 2005). "Whether a duty exists is a question of law for the Court." *Findlay v. CitiMortgage, Inc.*, 813 F. Supp. 2d 108, 120 (D.D.C. 2011) (citing *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011)). The Complaint alleges

---

[5] The defendant urges the Court to dismiss with prejudice because granting leave to amend would be futile. *See* Def.'s Mem. at 6-7. The plaintiff, on the other hand, requests that "if the Court finds that Plaintiff's Complaint falls short of the standard" under Federal Rules of Civil Procedure 9(b) and 12(b)(6), that the Court grant leave to amend. *See* Pl.'s Opp'n at 6. The sparse and conclusory nature of the allegations supporting the fraud claim make it impossible to determine whether granting leave to amend would be futile. Consequently, Count II is dismissed without prejudice.

that "[the defendant] was negligent in that it knew or, through the exercise of due diligence, should have known, that [the plaintiff] did not execute the Deed of Trust or any other document in connection with the [Home Equity] Loan." Compl. ¶ 19. The plaintiff posits in her opposition that "extend[ing] a loan that purports to bind [the plaintiff] co-owner of the property at issue, without obtaining the signature of [the plaintiff] borrower, or exercising due diligence in investigating the lack of signature or, for that matter, the presence of [the plaintiff] borrower at closing" was negligent. Pl.'s Opp'n at 5.

The key documents cited in the Complaint and submitted by the defendant in support for its motion, corroborate the plaintiff's contention that the defendant should have known that the property was held in fee simple by the plaintiff and her spouse, as tenants by the entirety, as plainly reflected in the Deed to the house, *see* Def.'s Mot., Ex. A, and that the plaintiff never signed the Home Equity Loan or the Deed of Trust between Mr. Malek and the defendant, the recording of which documents now encumbers title to the house, *see* Def.'s Mot., Ex. B-C. Nonetheless, the defendant argues that, since the plaintiff was not a party to these agreements between the defendant and her spouse, the plaintiff has not established or alleged how the defendant could owe a "duty to non-customers with whom it has no direct relationship." Def.'s Reply at 3 (citing *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225 (4th Cir. 2002) ("a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship")).

The plaintiff does not dispute that she "did not enter into a relationship" with the defendant by choice but, contrary to the defendant's position, she contends this is not fatal to her claim. The defendant fails to appreciate that the gravamen of the negligence claim is that the defendant's negligent conduct *created* a relationship between the plaintiff and the defendant. *See* Pl.'s Opp'n at 6 ("Defendant created a relationship [with the plaintiff] when it recorded the Deed

12

of Trust encumbering Plaintiff's property."). In other words, assuming, *arguendo,* that the Deed of Trust validly encumbers the title to the plaintiff's house, the defendant has created a relationship with the plaintiff by making the plaintiff's interest in her own house subject to the defendant's interest in the same property.

Even if the plaintiff's theory were cognizable that the defendant was negligent in placing an invalid encumbrance on her house, the plaintiff has utterly failed to provide any factual allegations about how, over the past eight years, she suffered any damages, let alone damages in the amount of $1,000,000, as a proximate cause of the defendant's breach of any duty owed to her, even assuming such a duty existed. This is a clear missing element of the plaintiff's negligence claim that requires dismissal, without prejudice, of Count III [6]

## IV. CONCLUSION

Accordingly, the defendant's motion to dismiss the complaint, pursuant to Federal Rule 12(b)(6) for failure to state a claim, is denied as to plaintiff's declaratory judgment claim to quiet title (Count I), and granted as to the plaintiff's claims for fraud (Count II) and negligence (Count III), which two counts are dismissed without prejudice.

An Order consistent with this Memorandum Opinion will be contemporaneously entered.

Date: September 29, 2014

_____
BERYL A. HOWELL
United States District Judge

---

[6] Indeed, if the plaintiff is correct that the Deed of Trust is invalid, then, ironically, it is the defendant, not the plaintiff, who may face harm because the security for the Home Equity Loan will be compromised. *See Kay v. Fowler*, 587 F. Supp. 720, 723 (D.D.C. 1984) (where lender made loan to husband. with forged signature of wife, lender "could not reach the real property owned by [husband and plaintiff wife] because it was owned by them as tenants by the entireties" (citing *In re Estate of Wall*, 440 F.2d at 215 (1971)).